| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | WILLIAM A. HALL, JR. |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 253403 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7046/(619) 235-2757 (Fax) |
|   | Email: william.a.hall@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1190-JM |
| | ) | |
| Plaintiff, | ) | DATE:  May 16, 2008 |
| | ) | TIME:   2:00 p.m. |
| v. | ) | Before Honorable Jeffrey T. Miller |
| | ) | |
| JOSE LUIS VELASCO-ACEVEDO, | ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Jose Luis Velasco-Acevedo (hereinafter "Defendant"), was charged by a grand jury on April 26, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), attempted entry after deportation. Defendant was arraigned on the Indictment on April 17, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on April 2, 2008, by Customs and Border Protection ("CBP") Officers at the San Ysidro, California Port of Entry. There, at approximately 8:45 p.m. that night,

1  Defendant made application for admission into the United States via the pedestrian inspection lane.
2  During primary inspection before a United States Customs and Border Protection ("CBP") Officer,
3  Defendant presented a Permanent Resident Card (I-551) belonging to another person, namely,
4  David Ponciano Heredia. The CBP Officer noted dissimilarities between the picture on the card
5  and Defendant and, believing Defendant was an imposter to the document presented, referred
6  Defendant to secondary for a more thorough inspection.

7  At secondary inspection, CBP Officers used Defendant's fingerprints to perform a
8  computerized check of Defendant's criminal and immigration history, revealing him to be a
9  previously deported criminal alien. In a post-<u>Miranda</u> statement, Defendant admitted to being a
10 citizen and national of Mexico without any immigration documents allowing him to enter or
11 remain in the United States legally. He further admitted that he has been previously removed from
12 the United States, and admitted that he has never applied for permission to re-enter the United
13 States since his removal. Defendant stated he purchased the Permanent Resident Card for $20.00
14 from a woman in Tijuana, Mexico. Notably, Defendant admitted that the woman told him that the
15 card was genuine, albeit not Defendant's card. Defendant stated that the woman told him to
16 present the card at pedestrian inspection, and that she would follow him a few feet behind,
17 obtaining the card after he made a successful entry.

18 **B.   <u>DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY</u>**

19 Preliminary criminal history reports show that Defendant has a felony conviction in
20 California. Defendant was convicted in 1985 in Los Angeles of Robbery With a Firearm, in
21 violation of Cal. PC § 211; he was sentenced to seven years incarceration. Defendant was also
22 convicted of misdemeanor driving under the influence in 1978.

23 Defendant's was last removed to Mexico on March 15, 1990.

24 //
25 //
26 //
27
28                                                                 4                         08CR1190-JM

### III

### UNITED STATES' MOTIONS

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence.  See Schmerber v. California, 384 U.S. 757 (1966).  Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**B.    RECIPROCAL DISCOVERY**

To date, the United States has provided Defendant with 82 pages of discovery, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents, and one DVD.  The government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

//
//
//
//
//
//

# V

# **CONCLUSION**

For the foregoing reasons, the government respectfully requests that its motions be granted..

DATED: May 2, 2008.

                                         Respectfully submitted,

                                         KAREN P. HEWITT
                                         United States Attorney

                                         s/ William A. Hall, Jr.
                                         WILLIAM A. HALL, JR.
                                         Assistant United States Attorney